UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HENRY O'HARA,
    Petitioner,

vs.

DEB TIMMERMAN-COOPER,
WARDEN, LONDON CORRECTIONAL
INSTITUTION
    Respondent.

Civil Action No. 1:10-cv-369

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody, filed a *pro se* petition for writ of habeas corpus challenging his incarceration based on his January 19, 2000 convictions for one count of kidnapping, in violation of Ohio Revised Code § 2905.01(A)(4), and one count of rape, in violation of Ohio Revised Code § 2907.02(A)(2). (Doc. 3). The instant petition alleges that petitioner's constitutional rights under the Double Jeopardy Clause of the Fifth and Fourteenth Amendments were violated when the state trial court sentenced him without merging the kidnapping and rape counts pursuant to Ohio Revised Code § 2941.25 as "allied offenses of similar import." (Doc. 3, p. 5). This matter is before the Court on respondent's motion to transfer petitioner's third habeas petition to the United States Court of Appeals for the Sixth Circuit and notice of additional authority, filed September 22, 2010 and September 27, 2010, respectively. (Docs. 7, 8).

This is not the first federal habeas corpus petition filed by petitioner with this Court challenging his 2000 convictions. On January 17, 2003, petitioner raised nine grounds for relief in his first § 2254 petition. *See O'Hara v. Brigano*, Case No. 1:03-cv-52 (S.D. Ohio Jan. 17,

2003) (Dlott, J.; Hogan, M.J.) (Doc. 1). This Court denied the petition after concluding that six of his claims were procedurally defaulted and the remaining three claims were without merit. *Id.* (Docs. 24, 29). The Sixth Circuit affirmed the denial of relief on appeal. *O'Hara v. Brigano*, 499 F.3d 492 (6th Cir. 2007).

Petitioner requested permission from the Sixth Circuit to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3), wherein he sought to raise a new claim of ineffective assistance of counsel during the appeal of the decision regarding his first § 2254 petition. (*See* Doc. 7, Ex. 3). On September 11, 2008, the Sixth Circuit denied petitioner's request. *Id.* As an initial matter, the court rejected petitioner's argument that his petition was not second or successive because some of the claims in his first petition were deemed procedurally defaulted and not reviewed on the merits. *Id.* The court held that "when a previous petition is dismissed due to an unexcused procedural default, the dismissal is considered 'on the merits,' and the applicant must obtain permission under § 2244(b) to file another petition for habeas corpus relief." (Doc. 7, Ex. 3, p. 2) (citing *In re Cook*, 215 F.3d 606, 607 (6th Cir. 2000)). The Sixth Circuit then denied the request because 28 U.S.C. § 2254(i) "expressly bars relief grounded on claims of incompetent or ineffective counsel in federal post-conviction proceedings" and "notwithstanding errors on the part of his attorney, O'Hara is barred from raising for a second time the claims that he raised in his first § 2254 petition." (Doc. 7, Ex. 3, pp. 2-3).

With regard to the instant petition, respondent contends that the matter should be transferred to the Sixth Circuit because the petition constitutes a second or successive petition which the district court lacks jurisdiction to consider under 28 U.S.C. § 2244(b)(3)(A). (Doc. 7). For the reasons that follow, the undersigned agrees.

2

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id. See Magwood v. Patterson*, 130 S.Ct. 2788, 2796 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

In this case, petitioner is attacking the same conviction and sentence challenged in his prior petition. (*See* Doc. 3). The Court's decision denying the prior petition on the ground that some claims were procedurally defaulted and the others lacked merit constitutes an adjudication on the merits. *See In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000) (holding that dismissal of petition based on unexcused procedural default of claims in state court is considered "on the merits"). In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application. Therefore, the instant

petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a second or successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)).

Accordingly, it is hereby recommended that respondent's motion to transfer petitioner's third habeas petition to the Sixth Circuit (Doc. 7) be **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Respondent's motion to transfer petitioner's third habeas petition to Sixth Circuit Court of Appeals (Doc. 7) be **GRANTED**, and the petition for a writ of habeas corpus (Doc. 3) be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).

Date: 1/4/2011

Karen L. Litkovitz
United States Magistrate Judge

J:\Rob\10-369 successive petition-transfer.wpd

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HENRY O'HARA,
    Petitioner,

vs.

DEB TIMMERMAN-COOPER,
WARDEN, LONDON CORRECTIONAL
INSTITUTION
    Respondent.

Civil Action No. 1:10-cv-369

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br>Henry O'Hara #392-404<br>London Corr. Inst.<br>PO Box 69<br>1580 State Route 56<br>London, OH 43140 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 0866 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:10cv369 (Doc. 10)